1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DIANNE S. NORMAN,

11              Plaintiff,                    No. CIV S-07-1369 KJM

12        vs.

13
     MICHAEL J. ASTRUE,
14   Commissioner of Social Security,

15              Defendant.              ORDER
     _____/
16

17              Plaintiff seeks judicial review of a final decision of the Commissioner of Social

18   Security ("Commissioner") denying an application for Supplemental Security Income ("SSI")

19   under Title XVI of the Social Security Act ("Act").  For the reasons discussed below, the court

20   will grant plaintiff's motion for remand, deny the Commissioner's cross-motion for summary

21   judgment, and remand this matter under sentence four of 42 U.S.C. § 405(g) .

22   /////

23   /////

24   /////

25   /////

26   /////

                                              1

I. Factual and Procedural Background

In a decision dated December 6, 2006, the ALJ determined plaintiff was not disabled.[1]  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.  The ALJ found plaintiff has severe impairments of severe spondylolisthesis of L5-S1, obesity, and asthma, but these impairments do not meet or medically equal a listed impairment; the allegations of plaintiff and her mother are not credible; plaintiff has the residual functional capacity to perform light work, with no ladders or scaffolding, must avoid heights and exposure to excessive amounts of dust, fumes, smoke and other respiratory irritants; plaintiff can perform her past relevant work as a teacher's aide; and

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

1   plaintiff is not disabled.  Administrative Transcript ("AT") AT 19-20.  Plaintiff contends the ALJ

2   improperly discredited the testimony of herself and her mother, improperly assessed her residual

3   functional capacity, and posed incomplete hypotheticals to the vocational expert.

4   II.  Standard of Review

5        The court reviews the Commissioner's decision to determine whether (1) it is

6   based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

7   record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing

8   Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).

9   Substantial evidence means more than a mere scintilla of evidence, but less than a

10  preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.

11  Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a

12  reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402

13  U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.

14  197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler,

15  782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that

16  detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.

17  1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

18  supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

19  substantial evidence supports the administrative findings, or if there is conflicting evidence

20  supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see

21  Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

22  improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d

23  1335, 1338 (9th Cir. 1988).

24  /////

25  /////

26  /////

3

1   III.  Analysis

2           Plaintiff contends the ALJ improperly discredited her testimony and the

3   laywitness testimony of her mother.[2]  The ALJ determines whether a disability applicant is

4   credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and

5   provided proper reasons.  See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If

6   credibility is critical, the ALJ must make an explicit credibility finding.  Albalos v. Sullivan, 907

7   F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990)

8   (requiring explicit credibility finding to be supported by "a specific, cogent reason for the

9   disbelief").

10          In evaluating whether subjective complaints are credible, the ALJ should first

11  consider objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947

12  F.2d 341, 344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment,

13  the ALJ then may consider the nature of the symptoms alleged, including aggravating factors,

14  medication, treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider:

15  (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent

16  testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a

17  prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d

18  1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR

19  55406-01; SSR 88-13.  Work records, physician and third party testimony about nature, severity

20  and effect of symptoms, and inconsistencies between testimony and conduct also may be

21  relevant.  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure

22  to seek treatment for an allegedly debilitating medical problem may be a valid consideration by

23  the ALJ in determining whether the alleged associated pain is not a significant nonexertional

24          [2]  Plaintiff further contends the ALJ improperly assessed her residual functional capacity

25  and posed incomplete hypotheticals to the vocational expert.  Plaintiff's claim that the ALJ's
    credibility analysis is flawed is dispositive and requires remand for further findings.  The court

26  need not, therefore, address plaintiff's other claims of error.

impairment.  See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may

rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458

(9th Cir. 1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172,

177 n.6 (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is malingering,

the Commissioner's reasons for rejecting the claimant's testimony must be clear and

convincing."  Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.

1999).

        Plaintiff testified that although she was able to work part-time as a teacher's aide,

she was prevented from performing full-time work due to back pain and stomach problems.

AT 205, 212.  Plaintiff also testified that when she did not work, she tried not to move and that if

she did housework, she started hurting after about five minutes.  AT 210.  She said she

performed chores such as cooking, vacuuming, and doing dishes only minimally, due to the pain

from standing.  AT 211.  Once a week or every other week, plaintiff did grocery shopping for

thirty to forty minutes, standing and walking the entire time.  Id.

        The ALJ discredited plaintiff's claims of disabling pain in part on the basis that

although plaintiff testified she had asthma problems over a ten month period during 2005, she

was usually treated for sinusitis.  AT 17-18.  Review of the records, however, shows plaintiff was

complaining of asthma-like symptoms during that time period; a layperson might not appreciate

the medical distinction between sinusitis and asthma.  AT 189-193, 195.  The ALJ also

considered plaintiff's treatment program and concluded plaintiff was not open to suggested forms

of treatment.  AT 18.  This conclusion is belied by the records, which show plaintiff tried

physical therapy for seven appointments but ceased after it appeared to inflame her condition,

attended four sessions of therapy to address panic attacks, tried acupuncture that was unhelpful,

and used a brace for her back.  AT 137, 140, 145, 146, 206.  Although plaintiff declined surgical

intervention or steroid injections, the record supports her assertion that she declined these

interventions because of her fear that the intervention would worsen her condition and based on

1    her desire to pursue conservative treatment.  AT 140-141, 143-144, 214-215.  At one point,

2    plaintiff could not recall the information she had received from her doctor on the precise

3    percentage of persons who worsened with treatment.  This memory lapse is simply not a valid

4    reason for discrediting testimony of fear regarding a poor outcome.  See AT 18.  The ALJ also

5    considered plaintiff's failure to lose weight as recommended by her doctor but the evidence

6    shows plaintiff did attempt to lose weight.  AT 18, 140.  Plaintiff's ability to work a part-time job

7    and stand and walk for thirty to forty minutes once a week or every other week to do grocery

8    shopping is not a valid reason for concluding plaintiff can perform a full-time job.  AT 18; see

9    SSR 96-8p.[3]  With respect to the ALJ's discrediting of plaintiff's testimony that she had

10   difficulty bending, while the ALJ properly considered the findings of the internal medicine

11   evaluation by Dr. Selcon, it does not appear the ALJ properly factored into his credibility

12   analysis the objective findings on radiographic examination.  AT 18, 112, 165-169.[4]  Reliance on

13   Dr. Krpan's findings that plaintiff was able to raise herself on heels and toes as a reason for

14   discrediting testimony regarding an ability to bend also is unexplained in the ALJ's analysis.  AT

15   18, 143.  Based on the foregoing, the court finds that the ALJ's reasons given for discrediting

16   plaintiff's testimony are not valid and are not supported by the record.

17            Plaintiff also contends the ALJ improperly rejected the testimony of her mother,

18   who filled out a third party questionnaire.  AT 66-74.  "[L]ay witness testimony as to a claimant's

19   symptoms or how an impairment affects ability to work is competent evidence, and therefore

20   cannot be disregarded without comment."  Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir.

21

22        [3] SSR 96-8p provides, in pertinent part: "RFC is an assessment of an individual's ability
     to do sustained work-related physical and mental activities in a work setting on a regular and
23   continuing basis.  A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an
     equivalent work schedule."

24

25        [4] Although Dr. Selcon made the functional assessment that plaintiff can sit and
     stand/walk in an 8-hour work period without limitations, the ALJ failed to consider the
26   radiographic findings of spondylolysis with spondylolisthesis of L5-S1 in disqualifying plaintiff's
     complaint of difficulty in bending.

1996); see also Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993) (friends and family

members in a position to observe a plaintiff's symptoms and daily activities are competent to

testify to condition).  "If the ALJ wishes to discount the testimony of the lay witnesses, he must

give reasons that are germane to each witness."  Dodrill, 12 F.3d at 919; see also Stout v.

Commissioner SSA, 454 F.3d 1050, 1056 (9th Cir. 2006) (where ALJ fails to properly discuss

competent lay testimony favorable to plaintiff, court cannot consider error to be harmless unless

it can confidently conclude no reasonable ALJ, when fully crediting testimony, could have

reached different disability determination).

 The ALJ acknowledged the testimony of plaintiff's mother.  AT 17.  Other than

summarizing that testimony, however, the ALJ offered no reasons germane to this witness for

rejecting her testimony.  AT 18.  The ALJ essentially collapsed the analysis of the mother's

testimony into the analysis of the plaintiff's testimony, concluding that "after considering all the

evidence . . . the allegations of the [plaintiff] and her mother are not credible."  AT 18.  Given the

invalidity of the ALJ's reasons for discrediting the testimony of plaintiff, the summary dismissal

of the mother's testimony does not fulfill the ALJ's duty of articulating reasons germane to the

particular third party witness.

 Even if the testimony of plaintiff and her mother is properly credited, the court

cannot find as a matter of law that plaintiff is entitled to payment of benefits.  The hypotheticals

posed to the vocational expert were predicated on a residual functional capacity for medium or

light work.  AT 221-222.  On the present record, it is not apparent there are no jobs available to

plaintiff if the residual functional capacity is modified to account for the limitations attested to by

plaintiff and her mother.  The matter will therefore be remanded for a further credibility analysis

to determine which limitations claimed by plaintiff and her mother are supported by the record

and for additional vocational testimony.

/////

/////

1    For the foregoing reasons, this matter will be remanded under sentence four of

2  42 U.S.C. § 405(g) for further development of the record and further findings addressing the

3  deficiencies noted above.

4    Accordingly, IT IS HEREBY ORDERED that:

5    1.  Plaintiff's motion for remand is granted;

6    2.  The Commissioner's cross-motion for summary judgment is denied; and

7    3.  This matter is remanded for further proceedings consistent with this order.

8  DATED:  September 29, 2008.

9

10    _____

11    U.S. MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  006
    norman.ss